Date Signed:
May 27, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII ISLAND AIR, INC.<br><br>       Debtor. | Case No. 17-01078<br>Chapter 7 |
| ELIZABETH KANE, Chapter 7 Trustee,<br><br>       Plaintiffs,<br><br>  vs.<br><br>PACAP AVIATION FINANCE, LLC ET AL.<br>       Defendants. | Adv. Pro. No. 19-90049<br><br>Dkt. 48, 55, 83 |

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DEMANDS FOR JURY TRIAL

In this adversary proceeding, the bankruptcy trustee of Hawaii Island Air, Inc., asserts claims against two groups of defendants for equitable subordination, recharacterization of debt as equity, and fraudulent and preferential transfers, among

other things. The defendants belong to two groups: the Ellison Defendants[1] and the PaCap Defendants.[2] The defendants demanded a jury trial as to all issues or claims so triable[3] and the trustee moved to strike all of the jury demands.[4]

The motions to strike came for hearing on April 24, 2020. Simon Klevansky and Elaine Chow appeared for the chapter 7 trustee, Darryl Rains and Christopher Muzzi appeared for the Ellison Defendants, and Peter Ito and Christian Adams appeared for the PaCap Defendants.

For reasons described below, I will DENY the trustee's motion as to all of the defendants except Carbonview and PaCap Aviation.

BACKGROUND

One of the Ellison Defendants, Ohana Airline Holdings, LLC ("Ohana"), became the sole owner of the Debtor in 2013. In late 2015 and early 2016, the Debtor, the Ellison Defendants, and the PaCap Defendants entered into a series of

---

[1] Lawrence Investments, LLC; Lawrence J. Ellison as trustee of The Lawrence J. Ellison Revocable Trust; Paul Marinelli, as trustee of The Lawrence J. Ellison Revocable Trust; Ohana Airline Holdings, LLC; and Carbonview Limited, LLC.

[2] PaCap Aviation Finance, LLC; PaCap Management Holdings LLC; PacifiCap Investment Management, LLC; Malama Investments, LLC; Snowbiz Ventures, LLC; PaCap Management Solutions, LLC; PaCap Advisors, LLC; Jeffrey Au; Jack Chuck She Tsui Trust; and Jack Tsui.

[3] Dkt. 53 at 7; dkt. 70 at 84-85.

[4] Dkt. 48, 55, and 83.

agreements and transactions (the "Restructuring") pursuant to which two of the PaCap Defendants, PaCap Aviation and Malama Investments, LLC ("Malama"), became the owner of two-thirds of the equity interests in the Debtor and certain of the Ellison Defendants and the PaCap Defendants provided funding to the Debtor. Virtually all of the funding was in the form of loans, mostly secured by substantially all of the Debtor's assets.

By May 2017, the Debtor was experiencing major cash flow issues and began to face increasing difficulties making payroll.[5] On October 16, 2017, the Debtor filed a voluntary petition for chapter 11 reorganization. The Debtor ceased operations on November 10, 2017, and the case was converted to chapter 7 on November 15, 2017.

On April 26, 2018, PaCap Aviation filed a proof of claim against the bankruptcy estate for over $2 million allegedly loaned to the Debtor.[6] On the same day, one of the Ellison Defendants, Carbonview Limited, LLC ("Carbonview"), filed a proof of claim for over $13 million, including a secured claim of about $7.5 million.[7]

On August 12, 2019, the trustee filed a separate complaint[8] against many of the

---

[5] *See* Case No. 19-ap-90027, dkt. 40.

[6] The claim amount is $2,198,807.02. *See* claims register in case no. 17-bk-01078, claim no. 188. PaCap Aviation also filed a proof of equity interest in the debtor. *See* claim no. 189.

[7] Claim no. 190.

[8] Case No. 19-ap-90027, dkt. 1.

3 of 8

U.S. Bankruptcy Court - Hawaii   #19-90049   Dkt # 107   Filed 05/27/20   Page 3 of 8

same defendants named in this adversary proceeding,[9] alleging breach of various fiduciary duties, indemnification, equitable subordination, and recharacterization.[10] On October 23, 2019, I entered a recommendation to the district court to withdraw reference of the adversary proceeding to schedule a jury trial.[11] A jury trial is currently scheduled for April 19, 2021, before District Judge Jill Otake,[12] and reference of that adversary proceeding will be withdrawn from the bankruptcy court on January 19, 2021.[13]

## ANALYSIS

A creditor generally may not receive any distribution in a bankruptcy case unless the creditor files a proof of claim.[14] But filing a proof of claim is not without cost: a creditor that files a proof of claim submits itself to the equitable jurisdiction of

---

[9] Defendants to adversary proceeding 19-90027 include PaCap Aviation Finance, LLC; PaCap Management Holdings LLC; PacifiCap Investment Management, LLC; Malama Investments, LLC; Snowbiz Ventures, LLC; PaCap Management Solutions, LLC; PaCap Advisors, LLC; Jeffrey Au; Jack Tsui; Lawrence Investments, LLC; Lawrence J. Ellison Revocable Trust; Ohana Airline Holdings, LLC, Carbonview Limited, LLC; Paul Marinelli; and Lawrence J. Ellison.

[10] Several workers' unions also stated claims under the Hawaii Dislocated Workers Act and the federal WARN Act.

[11] Case No. 19-ap-90027, dkt. 30.

[12] Case No. 19-a-90027, dkt. 44; Civ. No. 19-00574 JAO-RT.

[13] Case No. 19-ap-90027, dkt.45; Civ. No. 19-00574 JAO-RT.

[14] *Spokane Law Enforcement Federal Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1193 (9th Cir. 2016).

the bankruptcy court[15] and gives up any right it would otherwise have "to adjudicate before a jury any issue *that bears directly on the allowance* of its claim . . . ."[16] As such, creditors are presented with a difficult choice: "submit proof of claim and lose jury trial right, or do not submit proofs of claim and be barred from collecting the debt or a pro rata share of the bankruptcy estate."[17]

By filing a proof of claim, the creditor also yields any right to a jury trial if the trustee sues the creditor to recover avoidable transfers. Under 11 U.S.C. § 502(d), the court must disallow the claim of any entity from which property is recoverable under section 550 or that received a transfer avoidable under section 544 or 548. Therefore, adjudicating the avoidance claims bears directly on the allowance of the creditor's claims asserted in the proof of claim, and the claimant has no jury trial rights.

Conversely, a party that has not filed a proof of claim retains its jury trial rights. Claims to avoid fraudulent transfers are triable to a jury (unless the creditor filed a proof of claim or otherwise waived its jury trial rights).[18]

---

[15] *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989); *Katchen v. Landy*, 382 U.S. 323, 336 (1966).

[16] *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1329 (2d. Cir. 1993) (emphasis in original); *see Katchen v. Landy*, 382 U.S. at 336-37 ("[A]lthough petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding . . . , when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity.").

[17] *Maring v. PG Alaska Crab Inv. Co., LLC*, No. C-05-0326-JCC, 2007 WL 9775428, at *5 (W.D. Wash. Oct. 2, 2007).

[18] *Granfinanciera*, 492 U.S. 33, 58-59 (1989).

U.S. Bankruptcy Court - Hawaii   #19-90049   Dkt # 107   Filed  05/27/20   Page 5 of 8

The PaCap Defendants acknowledge that PaCap Aviation lost its right to a jury trial when it filed a proof of claim.

Carbonview acknowledges that it has lost its jury trial rights on most of the claims in this adversary proceeding, but not on Counts 58-62 and 73 of the complaint. The claims asserted in those counts are based on agreements pursuant to which equity interests in the Debtor were issued and transferred. Carbonview argues that it was not a party to those agreements, its proof of claim does not pertain to those agreements, and those claims do not concern the allowance or priority of Carbonview's proof of claim.[19] The trustee responds that, in order to determine the allowance of Carbonview's claims, one must analyze the entire Restructuring, including the equity transactions.[20]

I agree that these counts implicate Carbonview's proof of claim, and therefore that Carbonview has lost the right to a jury trial on the counts. The complaint alleges that Carbonview is liable under the challenged counts as an initial transferee and beneficiary of the transfers.[21] Therefore, resolution of all of the trustee's avoidance claims against Carbonview and the other Ellison Defendants potentially affects the allowance of Carbonview's claim. Carbonview has accordingly lost its right to a jury

---

[19] Dkt. 91.

[20] Dkt. 95.

[21] Dkt. 40.

6 of 8

U.S. Bankruptcy Court - Hawaii   #19-90049   Dkt # 107   Filed  05/27/20   Page 6 of 8

trial on Counts 58-62 and 73.

The Ellison Defendants also argue that, because the trustee demanded a jury trial on her equitable subordination and recharacterization claims in the related proceeding number 19-90027, the defendants are entitled to a jury trial on similar claims in this action. This argument fails because, in the related proceeding, the trustee only demanded a jury trial "as to all issues so triable in this action."[22] As the trustee argues in her reply, claims for recharacterization and equitable subordination are not triable by jury.[23] Thus, neither the trustee nor the Ellison Defendants are entitled to a jury trial on the equitable subordination and recharacterization claims in this proceeding or in the related proceeding.

The other PaCap Defendants and Ellison Defendants argue that, because they did not file proofs of claim against the estate, they retain their right to a jury trial on all of the trustee's claims against them. The trustee argues that to the extent the remaining defendants are subsequent transferees of PaCap Aviation or Carbonview, the adjudication of whether the transfers were fraudulent must be resolved through the claims allowance process, and therefore there is no right to a jury trial. The trustee offers no authority for the proposition that, if the initial transferee of an avoidable

---

[22] Case No. 19-ap-90027, dkt. 1-1.

[23] See *Official Committee of Unsecured Creditors v. Hancock Park Capital II, L.P. (In re Fitness Holdings Int'l, Inc.)*, 714 F.3d 1141, 1148 (9th Cir. 2013); *Kira v. Holiday Mart, Inc. (In re Holiday Mart, Inc.)*, 715 F.2d 430, 432 (9th Cir. 1983).

U.S. Bankruptcy Court - Hawaii   #19-90049   Dkt # 107   Filed 05/27/20   Page 7 of 8

transfer loses ts right to a jury trial, all subsequent transferees also lose their jury trial rights, even if the subsequent transferees did not file their own proofs of claim. The Seventh Amendment right to trial by jury is too important to permit its forfeiture by the actions of another person.

It is true that the PaCap Defendants and the Ellison Defendants are members of two corporate families, but the trustee cites no authority for the proposition that the loss of jury trial rights by one entity deprives all of its affiliates of jury trial rights.

Therefore, I conclude that PaCap Aviation and Carbonview have waived the right to a jury trial on all claims asserted in the trustee's complaint, but the other defendants retain their jury trial rights.

## END OF ORDER